JUDGE STEIN

08 CV 4492

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME INC.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EASTWIND MARITIME INC.,

                       Plaintiff,

          v.

SOVEPROAM, also known as
SOCIETE DE VENTES DE PRODUITS
AGROALIMENTAIRES, SARL,

                       Defendant.
-----------------------------------------------------------X

08 CV _____ (____)

**VERIFIED COMPLAINT**

Plaintiff EASTWIND MARITIME INC. (hereinafter "EASTWIND"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, SOVEPROAM, also known as SOCIETE DE VENTES DE PRODUITS AGROALIMENTAIRES, SARL (hereinafter "SOVEPROAM"), alleges upon information and belief as follows:

JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff EASTWIND was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, but operating from the offices of the Eastwind Group in the United States at 444 Madison Avenue, New York, New York 10022.

3. The plaintiff EASTWIND is the owner of the vessel M/V WHITE SUN and EASTWIND charters the M/V WHITE SUN to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant SOVEPROAM was and still is a foreign business entity duly organized and existing pursuant to the laws of the Algeria with places of business in Mostaganem, Algeria at ZI Souk Ellil Ouled El Bachir, Mostagnem 27000, Algerie and/or 27 rue Benali Ahmed, 27000 Mostaganem Algeria.

5. The defendant SOVEPROAM is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On June 25, 2007, plaintiff EASTWIND, as owner of the ocean-going vessel M/V WHITE SUN, entered into a charter party contract with defendant SOVEPROAM, as charterer, whereby defendant SOVEPROAM hired the M/V WHITE SUN for a shipment of a cargo of potatoes in bags on pallets from one good and safe berth Bayside, New Brunswick, Canada to one good and safe berth, one good safe port Algeria in Charterers' option, with intention of landing at the port of Mostaganem at a rate of hire of $365,000.00, lumpsum FIOS.

7.  The charter party contract between plaintiff EASTWIND and defendant SOVEPROAM is a maritime contract.

8.  Under the terms of the charter party maritime contract in box 20 and at clause 7, demurrage for the vessel was to be charged at $10,000.00 per day.

9.  Plaintiff EASTWIND fulfilled its obligations under the maritime contract.

10. However defendant SOVEPROAM, despite due demand by an invoice dated July 24, 2007, which invoice was clear and readable as per clause 34 of the charter party, has failed to pay demurrage in an amount of $29,020.83.

11. SOVEPROAM's failure to make timely payment of the demurrage when it became due constitutes a breach of the charter party maritime contract and, therefore, plaintiff EASTWIND has a maritime claim against SOVEPROAM for breach of charter party in the principal amount of $29,020.83.

12. The maritime contract charter party between the plaintiff EASTWIND and defendant SOVEPROAM, in box 25 and at clause 19, provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

13. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

14. In accordance with the terms and conditions of the charter party, the plaintiff EASTWIND is preparing to initiate arbitration proceedings against defendant SOVEPROAM in London.

15. As best as can now be estimated, the plaintiff EASTWIND expects to recover the following amounts in London arbitration from defendant SOVEPROAM:

| | | |
|---|---|---|
| A. | Principal claim | $29,020.83 |
| B. | Estimated interest on claims:<br>3 years at 7.5%, compounded quarterly | $ 7,246.97 |
| C. | Estimated attorneys' fees: | $10,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 5,000.00 |
| **Total** | | **$51,268.80** |

## PRAYER FOR RELIEF

16. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

17. Plaintiff EASTWIND believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

18. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

19. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the defendant be summoned to appear and answer this Verified Complaint;

B. That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$51,267.80,**

and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

    D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
        May 14, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              EASTWIND MARITIME INC.

By: _____
      Owen F. Duffy (OD-3144)
      George E. Murray (GM-4172)
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600
      Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME INC.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTWIND MARITIME INC.,

                Plaintiff,

                08 CV ____ (____)

   v.

**VERIFICATION**

SOVEPROAM, also known as
SOCIETE DE VENTES DE PRODUITS
AGROALIMENTAIRES, SARL,

                Defendant.
------------------------------------------------------------X
STATE OF NEW YORK    :
                                    : ss.
COUNTY OF NASSAU    :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.     That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, EASTWIND MARITIME INC., herein;

      2.     That he has read the foregoing complaint and knows the contents thereof;

      3.     That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because the officers' verification of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
May 14, 2008

By: _____
CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME INC.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
May 14, 2008

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008 2012

2